STOWELL *v.* FOWLER.

In assumpsit on a claim barred by the statute of limitations, evidence that the defendant said he had no money; that he would settle when he should get the money; that he would not promise any time when he would pay; that he expected his mother would die, and if she should he would settle up the matter,—is not sufficient to take the case out of the statute, without proof of the defendant's ability to pay.

ASSUMPSIT. Plea, the statute of limitations. Replication, a new promise within six years.

One C, having the claim to collect, called on the defendant and informed him that something must be done about it, and asked him what he would do. The defendant said he would not give a note to anybody, but would settle as soon as he could; that it should all be settled up; that he thought the bill was pretty strong, and that there was something wrong about it, but that he would settle it when he should get the money. He would not promise any time when he would pay, but said he expected his mother would die, and if she should he would settle up the matter.

On two previous occasions the defendant said he had no money, and could do nothing about the claim then; that he did not know when he should have any, but expected some to come to him at some time. He made no objection to the bill, but declined to give a note, and gave C to understand that he would settle.

On the above testimony the defendant moved for a nonsuit, which was denied by the referee who heard the cause, and the defendant excepted.

*Corser* and *W. T. & H. F. Norris*, for the defendant.

*Ray & Walker*, for the plaintiff.

SMITH, J. To entitle the plaintiff to recover, he must prove a direct and unqualified admission of a previous subsisting debt which the defendant was liable and willing to pay. *Ventris* v. *Shaw*, 14 N. H. 422. If the evidence shows an undertaking to pay, it was to pay as soon as the defendant should be in funds. His promise was not contingent upon the death of his mother, but that event was one occasion when he expected to be in funds. There was no evidence that the defendant subsequently had money from which he might have settled this claim. The promise was, to "settle when he should get the money." The motion for a nonsuit should have been granted. *Exeter Bank* v. *Sullivan*, 6 N. H. 124, 132, 135, 136; *Butterfield* v. *Jacobs*, 15 N. H. 140; *Weare* v. *Chase*, 58 N. H. 225; *Dodge* v. *Leavitt*, ante 245; 3 Par. Cont. 70.

*Exceptions sustained.*

FOSTER, J., did not sit: the others concurred.